

RECEIVED

MAR 29 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 3:18-cr-00086 |
| | * | |
| VERSUS | * | |
| | * | |
| Redacted | (1) * | 18 U.S.C. § 371 |
| Redacted | (2) * | 18 U.S.C. § 1028A |
| Redacted | (3) * | 18 U.S.C. § 1546 |
| Redacted | (4) * | 8 U.S.C. § 1325(c) |
| Redacted | (5) * | 18 U.S.C. § 1341 |
| | | |
| LANDRY DJEIYA TCHOKOGUE | (6) * | |
| Redacted | (7) * | |
| Redacted | (8) * | |
| Redacted | (9) * | |
| Redacted | (10) * | |
| Redacted | (11) * | |
| Redacted | (12) * | |
| Redacted | (13) * | |
| Redacted | (14) * | |
| Redacted | (15) * | |
| Redacted | (16) * | DISTRICT JUDGE DOUGHTY |
| Redacted | (17) * | MAGISTRATE JUDGE HAYES |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
### Criminal Conspiracy
### 18 U.S.C. § 371

At all times material to this Indictment:

## I.  BACKGROUND

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

6.     LANDRY DJEIYA TCHOKOGUE, defendant herein, hereinafter referred to as TCHOKOGUE, is a citizen of Cameroon.  TCHOKOGUE entered the United States using his Cameroon passport and an F-1 visa on May 12, 2012.  On or about September 14, 2014, TCHOKOGUE married a United States citizen.  At the time of his marriage, TCHOKOGUE was in the United States on an F-1 visa.

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

18.    United States Department of Homeland Security (DHS) is a department of the executive branch of the United States government comprised of 22 different federal departments and agencies.   DHS is tasked with preventing terrorism, enhancing security, managing borders, administering immigration laws, securing cyberspace, and ensuring disaster resilience.

19.    United States Citizenship and Immigration Services (USCIS) is an agency of the Department of Homeland Security (DHS).   USCIS is a government agency that oversees lawful immigration to the United States.   USCIS provides the procedures for a U.S. citizen or a permanent resident to acquire permanent resident status for their immigrant spouse that lives in the United States or abroad.

20.    A foreign national may obtain lawful permanent resident status in the United States based upon his or her valid marriage to a United States citizen.

21.    A foreign national may marry a United States citizen and seek to gain lawful permanent resident status based on that marriage.   If the marriage is in the United States, the United States citizen, hereinafter referred to as "petitioner," must file a Form I-130 [Petition for Alien Relative] with USCIS seeking to accord the beneficiary spouse "immediate family relative" status.   Form I-130 has to be signed by the U.S. citizen petitioner and anyone who prepared the form for the petitioner.

22.    Form I-130, in and of itself, does not bestow immigration status on the alien relative, rather it is filed in conjunction with another form to obtain legal status. Form I-130 simply establishes that an alien, by virtue of their relationship to a U.S. citizen, is prima facie eligible to file an application for an immigration benefit.   Form

I-130 requires significant initial documentary evidence from the U.S. Citizen of their citizenship in the United States as well as documents confirming the relationship between the U.S. citizen and the alien relative. Supporting documents include birth certificates, marriage certificates, documents showing cohabitation, and evidence of comingling of financial assets.

23.    In conjunction with the petitioner's I-130, the beneficiary, immigrant spouse, must file a Form I-485 [Application to Register Permanent Residence or Adjust Status]. Along with this application, Form G-325A [Biographic Information], Form I-864 [Affidavit of Support], and other supporting documents must be submitted to USCIS. By so doing, the beneficiary applies to adjust his or her status to that of a lawful permanent resident.

24.    The Form I-864 is required to be filed with the Form I-485. The Form I-864 shows the intending immigrant has adequate means of financial support and is not likely to rely on the U.S. government for financial support. If the petitioner cannot meet the qualifications required on the I-864, one or two co-sponsors are allowed to file Forms I-864 to meet the financial guidelines.

25.    If the marriage, which is the basis for the application, is less than two (2) years old, the beneficiary is accorded conditional lawful permanent resident status (CLPRS). The CLPRS expires after two (2) years.

26.    If the CLPRS expires, within ninety (90) days, the petitioner and the beneficiary must file a Form I-751 [Petition to Remove Conditions on Residence] with USCIS. The petition requires certification that the marriage was entered in

accordance with the laws of the place where the marriage took place and was not for the purpose of procuring an immigration benefit.

27.    A perjury clause instructing the signor that all information provided must be truthful and accurate is present on Form I-130, Form I-485, Form I-864, G-325A, and Form I-751.

## II.    CONSPIRACY

Beginning on or about a date unknown to the Grand Jury, but no later than June 23, 2013 and continuing to the present, in the Western District of Louisiana, and elsewhere, defendants, Redacted
Redacted

Redacte d , LANDRY DJEIYA TCHOKOGUE, Redacted
Redacted

Redacted    , and others both known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree with one another to defraud the United States by obstructing, hampering, hindering, frustrating, defeating, impairing, and impeding by craft, trickery, deceit, and dishonest means the Department of Homeland Security and United States Citizenship and Immigration Services of their lawful and proper governmental functions of administering the nation's lawful immigration system, and to commit certain offenses

against the United States, namely, False Statements in Connection with Immigration Documents, in violation of Title 18, United States Code, Section 1546(a); Mail Fraud, in violation of Title 18 United States Code, Section 1341; Marriage Fraud, in violation of Title 8, United States Code, Section 1325(c); False Statements in Immigration Proceedings, in violation of Title 18, United States Code, Section 1015; and Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A.

## III.   OBJECTS OF THE CONSPIRACY

The objects of the conspiracy were for the defendants to obtain both immigration status and money to which they were not otherwise entitled.

### A.   Manner and Means of the Conspiracy and Scheme and Artifice to Defraud

1.     It was part of the conspiracy and the scheme and artifice to defraud that defendants applied for United States visas, such as F-1 student and B-2 visitor visas, to gain entry into the United States. While in the United States, defendants and others known and unknown to the Grand Jury recruited United States citizens for the purposes of entering into fraudulent marriages to Nigerian and Cameroon nationals. The recruited United States citizens were then paid to enter into sham marriages with Nigerian and Cameroon nationals in an effort to evade immigration laws, and procure immigration benefits to which they were not otherwise entitled.

2.     It was further part of the conspiracy and the scheme and artifice to defraud that defendants and conspirators completed, signed, and submitted immigration documents to USCIS that contained materially false statements and

fraudulent supplemental documents in an effort to obtain legal permanent resident status.

3.     It was further part of the conspiracy and the scheme and artifice to defraud that falsely prepared and forged immigration forms and supplemental documents were mailed to USCIS via United States Postal Service and Federal Express.

4.     It was further part of the conspiracy and the scheme and artifice to defraud that defendants, and others both known and unknown to the Grand Jury, attended USCIS interviews and made false statements under oath in an effort to evade immigration laws.

## B.   OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the allegations in Counts 2 - 42 are incorporated and set forth herein as overt acts.

All in violation of Title 18, United States Code, Section 371. [18 U.S.C. § 371].

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

## Count 6
## False Statements in Connection with
## Immigration Documents
## 18 U.S.C. §§ 1546(a) and 2

On or about March 24, 2015, in the Western District of Louisiana, and elsewhere, the defendant, **LANDRY DJEIYA TCHOKOGUE and** Redacted Redacted , under penalty of perjury under Title 28, United States Code, Section 1746, knowingly subscribed as true, false statements with respect to material facts in applications, affidavits, and other documents submitted to USCIS, to wit: Form I-485, Application for Permanent Residence; Form I-130, Petition for Alien Relative; and Form I-864, Affidavit of Support, containing falsified addresses, relationships, occupations, and attestations.

All in violation of Title 18, United States Code, Sections 1546(a) and 2. [18 U.S.C. §§ 1546(a) and 2].

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

## Counts 14-23
## Mail Fraud
## 18 U.S.C. §§ 1341 and 2

1.      The allegations in Count 1 are incorporated by reference as though fully

set forth herein as the scheme and artifice to defraud.

2.      On or about the dates set forth below in the Western District of

Louisiana, and elsewhere, the defendant. <sup>Redacted</sup>                    , and other

defendants as listed below, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did knowingly cause to be placed in an authorized depository of mail mater, to be sent, delivered and moved by the United States Postal Service, according to the directions thereon, to United States Citizenship and Immigration Services in Chicago, Illinois, and Lee's Summit, Missouri, applications, affidavits, and other documents required by the Immigration Nationality Act, as set forth below,

| Count | Defendant | Date | Matter | Origin | Destination |
|---|---|---|---|---|---|
| 14 | Redacted | Redacted | Redacted | Redacted | Redacted |
| 15 | Redacted | Redacted | Redacted | Redacted | Redacted |
| 16 | Redacted | Redacted | Redacted | Redacted | Redacted |
| 17 | LANDRY DJEIYA TCHOKOGUE | 03/24/2015 | Form I-485 Form I-130 Form I-864 | Ruston, Louisiana | PO Box 805887 Chicago, Il |
| 18 | Redacted | Redacted | Redacted | Redacted | Redacted |
| 19 | Redacted | Redacted | Redacted | Redacted | Redacted |
| 20 | Redacted | Redacted | Redacted | Redacted | Redacted |
| 21 | Redacted | Redacted | Redacted | Redacted | Redacted |
| 22 | Redacted | Redacted | Redacted | Redacted | Redacted |
| 23 | Redacted | Redacted | Redacted | Redacted | Redacted |

All in violation of Title 18, United States Code, Sections 1341 and 2. [18 U.S.C.

§ 1341 and 2].

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

## Count 35
## Aggravated Identity Theft
## 18 U.S.C. §§ 1028A and 2

Beginning on or about March 24, 2015, the exact date being unknown to the Grand Jury, and continuing until on or about May 31, 2017, in the Western District of Louisiana, and elsewhere, **LANDRY DJEIYA TCHOKOGUE and** Redacted Redacted , did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely the social security numbers and dates of birth of P.P. and C.P., during and in relation to an offense under 18 U.S.C. § 1546, namely, false statements in connection with immigration documents, an offense enumerated in 18 U.S.C. §§ 1028A(c)(6).

All in violation of Title 18, United States Code, Sections 1028A and 2. [18 U.S.C. §§ 1028A and 2].

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

## Notice of Forfeiture

1.      The allegations contained in Counts 1 – 23 and 28 – 42 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(6); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of the offense in violation of Title 18, United States Code, Section 1546 set forth in Counts 1 – 13 of this Indictment or upon a conviction of a conspiracy to violate Section 1546 as set forth in Count 1, in violation of Title 18, United States Code, Section 371, the defendants shall forfeit to the United States of America, Pursuant to Title 18, United States Code, Section 982(a)(6), any property, real or personal, that constitutes, or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; or that is used or intended to be used to facilitate the commission of the offense.

3.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 1341 set forth in counts 14 – 23 of this Indictment or upon a conviction of a conspiracy to violate Section 1341 as set forth in Count 1, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

4.     If any of the property described above as being subject to forfeiture as a result of any act or omission of the Defendant:

    1.     cannot be located upon the exercise of due diligence;

    2.     has been transferred or sold to, or deposited with, a third person;

    3.     has been placed beyond the jurisdiction of the Court;

    4.     has been substantially diminished in value; or

5.    has been comingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All in accordance with 18 U.S.C. § 982(a)(6)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL:

*REDACTED*

GRAND JURY FOREPERSON

ALEXANDER C. VAN HOOK
United States Attorney

By: _____
TIFFANY E. FIELDS (AR 2012221)
Assistant United States Attorneys
300 Fannin Street, Suite 3201
Shreveport, LA 71101
Telephone: (318) 676.3600

By: _____
EARL M. CAMPBELL (LA Bar 25957)
Assistant United States Attorneys
300 Fannin Street, Suite 3201
Shreveport, LA 71101
Telephone: (318) 676.3600